1  W. WEST ALLEN
2  Nevada Bar No. 5566
   LEWIS AND ROCA LLP
3  3993 Howard Hughes Parkway, Ste. 600
   Las Vegas, Nevada 89169
4  Telephone: (702) 949-8200
   Facsimile: (702) 949-8363
5  wallen@lrlaw.com

6
   DAVID M. TAYLOR (Admitted Pro Hac Vice)
7  BERENATO, & WHITE, LLC
   6550 Rock Spring Drive, Suite 240
8  Bethesda, MD 20817
   Telephone: (301) 896-0600
9  Facsimile: (301) 896-0607
   dtaylor@bwsiplaw.com
10

11 *Attorneys for Defendant*

12

13              UNITED STATES DISTRICT COURT

14                   DISTRICT OF NEVADA

15
   COMPUTERIZED SCREENING, INC. a        Case No.: 3:09-cv-00465-RCJ-RAM
16 Nevada corporation,

17
                   Plaintiff,            **FIRST AMENDED ANSWER TO FIRST
18                                        AMENDED COMPLAINT,
         v.                               AFFIRMATIVE DEFENSES, AND
19                                        COUNTERCLAIMS OF LIFECLINIC
                                          INTERNATIONAL, INC.**
20
   LIFECLINIC INTERNATIONAL, INC., a     **DEMAND FOR JURY TRIAL**
21 Maryland corporation,

22                 Defendant.

23

24       Defendant Lifeclinic International, Inc. ("Lifeclinic") hereby answers the First

25 Amended Complaint filed by Plaintiff Computerized Screening, Inc. ("CSI").  To the extent

26 that Plaintiff asserts that Lifeclinic has not responded to any particular allegation, Lifeclinic

27 hereby denies the allegation.  With regard to the specifically numbered paragraphs, Lifeclinic

28 answers as follows:

## THE PARTIES

1.    Lifeclinic lacks information sufficient to form an answer as to the allegations of Paragraph 1 of the First Amended Complaint and accordingly they are denied.

2.    Admit.

## JURISDICTION AND VENUE

3.    Admit.

4.    Denied.

## BACKGROUND

5.    Lifeclinic lacks information sufficient to form an answer as to the allegations of Paragraph 5 of the First Amended Complaint and accordingly they are denied.

6.    Lifeclinic denies that CSI is the only FDA registered Class II medical manufacturer of patient interactive kiosks that integrate non-invasive and invasive preventive health screening technology and telemedicine solutions.    Lifeclinic lacks information sufficient to form an answer as to the remaining allegations of Paragraph 6 of the First Amended Complaint and accordingly they are denied.

7.    Lifeclinic lacks information sufficient to form an answer as to the allegations of Paragraph 7 of the First Amended Complaint and accordingly they are denied.

8.    Lifeclinic denies that it employs the inventions of the patents-in-suit.  Lifeclinic admits that CSI has previously informed Lifeclinic of the existence of the patents-in-suit, but otherwise denies the allegations of Paragraph 8.

## THE ASSERTED PATENTS

9.    Lifeclinic denies that the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,428,124 ("the '124 patent") to CSI.  Lifeclinic admits that the title of the '124 patent is "Health Care Kiosk with Handicapped Accessible Seat."

10.    Lifeclinic denies that the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,692,436 ("the '436 patent") to CSI.  Lifeclinic admits that the title of the '436 patent is "Health Care Information System."

/ / /

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

515127_1

# FIRST CLAIM FOR RELIEF

11.     No answer necessary.

12.     Admitted.

13.     Admitted.

14.     Admitted.

15.     Lifeclinic lacks information sufficient to form an answer as to the allegations of Paragraph 15 of the First Amended Complaint and accordingly they are denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

# ANSWER TO PRAYER FOR RELIEF

Lifeclinic denies that CSI is entitled to any of the relief requested in its prayer for relief.

# AFFIRMATIVE DEFENSES

Without altering the burden of proof, Lifeclinic asserts the following defenses, which are based upon an investigation that is not complete and prior to the results of any discovery from CSI.  Lifeclinic's investigation of its defenses is continuing, and Lifeclinic reserves the right to assert all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defense, at law or in equity, that may now exist or in the future may be available based upon discovery and further investigation in this action.

# FIRST AFFIRMATIVE DEFENSE
## (No Infringement)

1.     Lifeclinic has not directly infringed and does not directly infringe any valid and enforceable claim of the '124 patent or the '436 patent.  Lifeclinic has not contributed to or induced infringement of and does not contribute to or induce infringement of any valid and enforceable claim of the '124 patent or the '436 patent.

2.     Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the infringement of the claims of the '124 patent or the '436 patent.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

3.     The '124 patent and the '436 patent, including each claim thereof, are invalid for failure to satisfy one or more of the statutory requirements of 35 U.S.C. § 100 *et seq.*, including, without limitation, 35 U.S.C. § 101, 102, 103, 112, 116, and 132.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

4.     The First Amended Complaint fails to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

5.     Lifeclinic has not willfully infringed and is not willfully infringing any valid and enforceable claim of the '124 patent or the '436 patent.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver, Laches, Estoppel)

6.     The claims alleged in the First Amended Claimplaint are barred, in whole or in part, by the doctrine of laches, waiver, acquiescence, and/or estoppel, including but not limited to prosecution laches, equitable estoppel, prosecution history estoppel, and/or collateral estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (35 U.S.C. § 287 – Damages Limitation)

7.     To the extent that CSI may be entitled to damages, any claim for damages for patent infringement by Lifeclinic is limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

/ / /

/ / /

**SEVENTH AFFIRMATIVE DEFENSE**
(35 U.S.C. § 41(c)(2) – Intervening Rights)

7.      Defendant has intervening rights under at least 35 U.S.C. § 41(c)(2), thereby precluding or at least limiting Plaintiff's prayer for damages and other prospective relief.

**COUNTERCLAIMS**

Lifeclinic International, Inc. ("Lifeclinic") asserts the following counterclaims against Computerized Screening, Inc. ("CSI").

**NATURE OF THE ACTION**

1.      This is an action for declaratory judgment of non-infringement and invalidity.

**THE PARTIES**

2.      Lifeclinic is a Maryland corporation with its principal place of business at 4032 Blackburn Lane, Burtonsville, Maryland 20866.

3.      On information and belief, CSI is a Nevada corporation with its principal place of business at 9550 Gateway Drive, Reno, Nevada 89521.

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5.      Venue in this Court is proper pursuant to 28 U.S.C. §§1391 and 1400(b).

**COUNT I**
**(Declaratory Judgment of Non-Infringement of the '124 and '436 Patents)**

6.      Lifeclinic repeats and re-alleges each and every allegation of paragraphs 1-5 of these Counterclaims as though fully set forth herein.

7.      On August 21, 2009, CSI filed its Complaint for patent infringement in this Court, charging Lifeclinic with infringement of U.S. Patent Nos. 6,403,897 ("the '897 patent"), 6,428,124 ("the '124 patent"), 6,692,436 ("the '436 patent").

8.      On September 16, 2009, CSI filed its First Amended Complaint for patent infringement in this Court, charging Lifeclinic with infringement of the '124 patent and the '436 patent, but rescinding its charge of patent infringement of the '897 patent.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

-5-

515127_1

9.      The charges of infringement of the original Complaint and the First Amended Complaint have created an actual and justiciable controversy between Lifeclinic and CSI concerning whether Lifeclinic infringes any valid and enforceable claim of the '124 patent and the '436 patent.

10.      Lifeclinic does not infringe any valid and enforceable claim of the '124 patent and the '436 patent.

11.      Accordingly, Lifeclinic is entitled to a declaratory judgment that it does not infringe any valid and enforceable claim of the '124 patent and the '436 patent.

## COUNT II
### (Declaratory Judgment of Invalidity of the '124 and '436 Patents)

12.      Lifeclinic repeats and re-alleges each and every allegation of paragraphs 1-5 of these Counterclaims as though fully set forth herein.

13.      The '124 patent and the '436 patent, including each claim thereof, are invalid for failure to satisfy one or more of the statutory requirements of 35 U.S.C. § 100 *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 116, and 132.

14.      Accordingly, Lifeclinic is entitled to a declaratory judgment that the asserted claims of the '124 patent and the '436 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaim Plaintiff Lifeclinic International, Inc. prays that this Court:

1.      Declare that the '124 and '436 patents have not been infringed by Lifeclinic;

2.      Declare that the '124 and '436 patents are invalid;

3.      Declare that this case is exceptional under 35 U.S.C. § 285 and that Lifeclinic be awarded its costs, expenses, and attorneys' fees incurred herein; and

4.      Award Lifeclinic such other and further relief to which it is entitled, in law or equity, as this Court deems just and proper.

/ / /

/ / /

1

## JURY DEMAND

2     Defendant and Counter-claimant Lifeclinic demands a trial by jury on all issues

3 presented herein that are so triable.

4     DATED this 17th day of December, 2009.

5                                          Respectfully submitted,

6

7                              By:    /s/ W. West Allen
                                      W. West Allen (Nevada Bar No. 5566)
8                                     LEWIS AND ROCA, LLP
                                      3993 Howard Hughes Parkway, Suite 600
9                                     Las Vegas, Nevada 89169
                                      (702) 949-8200
10                                    wallen@lrlaw.com

11
                                      David M. Taylor (Admitted Pro Hac Vice)
12                                    BERENATO & WHITE, LLC
                                      6550 Rock Spring Drive, Suite 240
13                                    Bethesda, Maryland 20817
                                      (301) 896-0600
14                                    dtaylor@bwsiplaw.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on December 17, 2009, I electronically filed the foregoing

3

ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND

4

COUNTERCLAIMS OF LIFECLINIC INTERNATIONAL, INC., with the Clerk of the Court

5

using the CM/ECF system, which will send notification of such filing to the following in

6

accordance with the Federal Rules of Civil Procedure:

7

Peter H. Cuttitta
Porter Simon, P.C.

8

675 Sierra Rose Drive
Suite 116

9

Reno, Nevada 89511

10

Jennifer Bryan
An employee of Lewis and Roca, LLP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28