**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| COMPUTERIZED SCREENING, INC., ) | 3:09-cv-00465-RCJ (WGC) |
| Plaintiff, ) | **REPORT & RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| LIFECLINIC INTERNATIONAL, INC., ) *et al*. ) | |
| Defendants. ) | |

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge.

**I. BACKGROUND**

This case involves a patent dispute. On September 16, 2009, Plaintiff Computerized Screening, Inc. ("Plaintiff") filed an Amended Complaint (Doc. # 6),[1] in which it alleged patent infringement against defendant Lifeclinic International, Inc. ("Lifeclinic") concerning devices that measure and transmit certain health care information. On August 11, 2011, defendant Sentry Health Monitors, LLC ("Sentry") made an appearance (Doc. # 46) and on February 24, 2012, defendant Merge SH Holdings, Inc. ("Merge") filed a Motion to Intervene (Doc. # 54), which this Court granted during a scheduling conference on February 27, 2012. On March 14, 2012, Lifeclinic filed a Second Amended Answer to First Amended Complaint, Affirmative Defenses, and Counterclaims seeking declaratory relief of non-infringement and invalidity of the two patents at issue. (Doc. # 64.)

---

[1] Refers to the court's docket number.

1  On August 2, 2012, Lifeclinic's counsel[2] filed a Motion to Withdraw as Attorney (Doc. # 91),
2  which the court granted the next day (Doc. # 94). Since August 3, 2012, Lifeclinic, a corporation, has
3  been unrepresented by counsel.

4  On August 16, 2012, Plaintiff, Sentry and Merge filed a joint Stipulation and Application to
5  Revise Proposed Discovery Plan (Fourth Request). (Doc. # 98.)  Upon receipt of this joint stipulation,
6  the court ordered a hearing to discuss Lifeclinic's progress in obtaining new counsel because the
7  stipulation was executed on behalf of Lifeclinic by its President, Philander P. Claxton. At a hearing
8  on August 28, 2012, Lifeclinic's President, Philander P. Claxton, informed the court that Lifeclinic had
9  not obtained counsel. Because of certain impending deadlines, the court approved the joint stipulation
10 revising the discovery plan and entered an Order to that effect the same day. (Doc. # 103.) The court,
11 however, raised concerns about the legal implications of Lifeclinic's status as an unrepresented
12 corporation.

13 In addressing these concerns, the court cited to and discussed *HDR Ins. Managers, LLC v.*
14 *Summit Ins. Servs., Inc.*, 2011 WL 1336402 (D. Nev., Apr. 7, 2011). (*See* Minutes, Doc. # 104.)  In
15 the *HDR* case, the answers and counterclaims of several corporate defendants were stricken due to their
16 failure to comply with the court's order to obtain counsel. *HDR Ins. Managers*, 2011 WL 1336402 at
17 *1. The court explained to Mr. Claxton that if Lifeclinic could not obtain new counsel, the court was
18 inclined to submit a Report and Recommendation to Robert C. Jones, Chief United States District
19 Judge, recommending the court strike Lifeclinic's Second Amended Answer, Affirmative Defenses,
20 and Counterclaims. (*See* Minutes, Doc. # 104.) The court set a status conference for September 19,
21 2012, and directed all of the parties to submit a position statement addressing Lifeclinic's unrepresented
22 status. (*Id.*)

23 The parties submitted their position statements, wherein they all agreed a corporation cannot
24 proceed without counsel and if an unrepresented corporate defendant does not retain counsel, that the
25 court should strike the corporate defendant's pleadings and any of its affirmative defenses and

---

[2] These attorneys also represented defendant Sentry Health Monitors, LLC, and moved to withdraw as attorneys for that defendant as well. Sentry later obtained new counsel.

28

2

counterclaims. (*See* Doc. # 105; Doc. # 106.) At the September 19, 2012, status conference, Mr. Claxton informed the court that although he understood a corporation could not represent itself *pro se* in a legal proceeding, Lifeclinic had not obtained new counsel. Because the company (Lifeclinic) had no funds, Mr. Claxton stated he did not anticipate that Lifeclinic would be obtaining counsel in the imminent future. (*See* Minutes, Doc. # 107.) He also indicated that as President of Lifeclinic, he was aware of the consequences of a corporate entity's failure to obtain substitute counsel. (*See* Minutes, Doc. # 107.)

## II. DISCUSSION

Parties may represent themselves *pro se* in federal courts. 28 U.S.C. § 1654. But "[i]t is a longstanding rule that corporations . . . must appear in court through an attorney." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004) (internal quotations omitted); *see In re Highly*, 459 F.2d 554, 555 (9th Cir. 1972) ("A corporation can appear in a court proceeding only through an attorney at law."); *HDR Ins. Managers, supra,* at *1 (same). In fact, "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993).

Here, Lifeclinic has been unrepresented by counsel in this matter since August 3, 2012. Mr. Claxton confirmed Lifeclinic's unrepresented status on August 28, 2012, and informed the court on September 19, 2012, that it would not able to obtain counsel in the imminent future. At the August 28 hearing, and again at the September 19 hearing, the court advised Mr. Claxton of the legal consequences for Lifeclinic of being unrepresented by counsel. As of today, Lifeclinic is still unrepresented by counsel. Accordingly, the court finds it is appropriate to recommend that Lifeclinic's Second Amended Answer, Affirmative Defenses, and Counterclaims should be stricken.

## III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **STRIKING** Lifeclinic's Second Amended Answer to First Amended Complaint, Affirmative Defenses, and Counterclaims (Doc. # 64).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: September 24, 2012.

_____
UNITED STATES MAGISTRATE JUDGE